UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
MALKA KUMER et al.,

                              **Plaintiffs,**

            -against-

HEZBOLLAH,

                              **Defendant.**
-------------------------------------------------------------------x

                         **MEMORANDUM
                         <u>AND ORDER</u>**

                         **18-CV-7449 (CBA)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court, on a referral from the Honorable Carol Bagley Amon, is a letter-motion filed by plaintiffs requesting leave to effect substitute service on defendant Hezbollah ("Hezbollah" or "defendant"), pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure ("FRCP"). <u>See</u> Letter-Motion for Leave to Effect Substitute Service on Hezbollah (May 10, 2019) ("Pl. Mot."), Electronic Case Filing Docket Entry ("DE") #6; Order Referring Application (Apr. 2, 2019). Specifically, plaintiffs ask that they be allowed to complete service upon Hezbollah by serving "al Manar television, al Nour radio, and the Lebanese Media Group" via international courier delivery (e.g., Federal Express, DHL, or UPS). Pl. Mot. at 3. For the reasons set forth below, plaintiffs' motion is denied without prejudice.

<u>BACKGROUND</u>

On December 31, 2018, plaintiffs – American citizens purportedly harmed by or as a result of rockets and missiles fired by Hezbollah at civilians in Israel in 2006 – filed a complaint against Hezbollah pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333. <u>See</u> Compl. ¶ 1.[1] On April 1, 2019, plaintiffs filed a status report, addressed to Judge Amon, regarding their

---

[1] By way of background, many, but not all, plaintiffs in this case are also plaintiffs in another case (filed on their behalf by the same law firm), i.e., <u>Kaplan v. Hezbollah</u>, which named the same defendant, and

efforts to serve defendant.   See Status Report (Apr. 1, 2019), DE #5.   Plaintiffs stated that they

were "having difficulty locating an address at which they will be able to serve process on

Hezbollah in a conventional manner" and asked the Court for permission to file, within 30 days,

a motion for substitute service should plaintiffs continue to be unable to locate a conventional

service address.   See id.   Upon referral of that request to the undersigned magistrate judge, this

Court entered an order on April 2, 2019, giving plaintiffs until May 1, 2019 to move for

substitute service.   See Order (Apr. 2, 2019).   On May 10, 2019, plaintiffs filed the instant

application.   See Pl. Mot.

## DISCUSSION

Rule 4 of the FRCP sets forth the various methods by which a summons and complaint

may be served in a federal case.   Subsection 4(h) governs service of unincorporated

associations, and permits service "at a place not within any judicial district of the United States,

in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under

(4)(2)(C)(i)."   Fed. R. Civ. P. 4(h)(2).   Rule 4(f)(3), meanwhile, provides in pertinent part that:

> Unless federal law provides otherwise, an individual . . . may be served at a place not
> within any judicial district of the United States . . . by [] means not prohibited by
> international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(3).   "The decision whether to allow alternative methods of serving process

under Rule 4(f)(3) is committed to the sound discretion of the court[,]" and "[s]ervice of process

---

was transferred from the United States District Court for the District of Columbia (09cv646) to the United
States District Court for the Eastern District of New York (19cv3187) on May 30, 2019.   See Pl. Mot. at
1-2 (summarizing the relationship between this case and Kaplan); see also Kaplan, Order Granting in Part
and Denying in Part Motion to Sever and Transfer Case (May 14, 2019), DE #97. (Except where
otherwise noted, citations in this opinion to the Kaplan case are to docket entries in docket number
19cv3187 in the Eastern District of New York).

under Rule 4(f)(3) is neither a last resort nor extraordinary relief [but is] merely one means

among several which enables service of process on an international defendant." Madu, Edozie

& Madu, P.C. v. SocketWorks Ltd. Nigeria, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (citations and

internal quotation marks omitted).

Here, plaintiffs ask that the Court, pursuant to its authority under Rule 4(f)(3), permit

plaintiffs to serve Hezbollah, an unincorporated association, by serving (1) al Manar,[2]

Hezbollah's official TV station; (2) al Nour radio, a radio operation owned or controlled by

Hezbollah; and (3) the Lebanese Media Group, the parent company of al Manar and al Nour

radio. See Pl. Mot. at 3. Plaintiffs propose to complete service via international courier

delivery (e.g., Federal Express, DHL, or UPS). See id. In support of their request, plaintiffs

draw this Court's attention to a similar issue of serviceability that arose in Kaplan, 19cv3187.

There, the plaintiffs were unable to serve Hezbollah conventionally, and District Judge Richard

W. Roberts of the District of Columbia ultimately directed them to serve Hezbollah via

international courier delivery by delivering the papers to the three entities listed above. See

Kaplan, Minute Order (Nov. 29, 2010) ("Kaplan 11/29/10 Minute Ord."). Relying on the

instructive nature of that case, plaintiffs thereby request "that this Court permit them to serve

Hezbollah in the same manner." Pl. Mot. at 3.[3]

---

[2] Plaintiffs variously refer to this entity as "al Manar," "Al-Manar," and "Al Manar." See Pl. Mot. at 2-3. For the purposes of this memorandum and opinion, the Court uses "al Manar."

[3] Plaintiffs do not seek relief under either FRCP 4(f)(1) or 4(f)(2), and therefore, this Court need not address either subsection of the Rule. See Pl. Mot. at 4 n.7 (noting that there is no hierarchy among subsections in Rule 4). Regardless, neither provision is likely to apply in the instant case.

Rule 4(f)(1) permits service outside the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention[.]" Fed. R. Civ. P. 4(f)(1). But because Lebanon is not a party to the Hague Service Convention, see

[footnote continued]

As an initial matter, plaintiffs oversimplify the ruling in <u>Kaplan</u> by omitting discussion of the procedural history and proffered evidence in that case. There, the plaintiffs initially attempted to serve Hezbollah by sending the summons and complaint, via international courier delivery, to Mohammed Fneish ("Fneish"), a minister in the Lebanese government and an alleged leader within Hezbollah. <u>See</u> <u>Kaplan v. Hezbollah</u>, 715 F.Supp.2d 165, 166 (D.D.C. 2010). The delivery was successful, and the plaintiffs then moved for an order approving service on Fneish *nunc pro tunc* pursuant to Rule 4(f)(3). <u>See</u> <u>id.</u> The D.C. District Court in <u>Kaplan</u> granted the plaintiffs' motion in pertinent part, but also ordered them to publish notice "in the three Lebanese newspapers with the largest national circulation twice per week in each newspaper on a staggered schedule to cover six days each week for a period of four weeks." <u>Id.</u> at 167. Despite their impressive efforts to do so, counsel for the plaintiffs in <u>Kaplan</u> were unable to get the notices published in such papers. <u>See</u> <u>Kaplan</u>, 19cv3187, Memorandum in Support of Plaintiffs' Motion for an Order Pursuant to Fed. R. Civ. P. 4(f)(3) (Oct. 8, 2010), DE #22. Accordingly, the plaintiffs asked the <u>Kaplan</u> court for permission to serve al Manar; the Court ultimately granted this request, but also *sua sponte* ordered plaintiffs to serve al Nour radio and the Lebanese Media Group. <u>See</u> <u>Kaplan</u> 11/29/10 Minute Ord. Service was ultimately

---

Signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17, alternative methods of service otherwise available under Rule 4(f)(1) are unavailable in this case, <u>see</u> <u>Lebanese Canadian Bank SAL</u>, 285 F.R.D. 262, 267 (S.D.N.Y. 2012). Meanwhile, Rule 4(f)(2) provides, in pertinent part, that a party may effect service on an individual in a foreign country by a method reasonably calculated to give notice, "as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction[.]" Fed. R. Civ. P. 4(f)(2)(A). Plaintiffs do not seek relief under this subsection of Rule 4(f), presumably because, as in <u>Kaplan</u>, they "could not state with certainty that service by [international courier delivery] did not violate Lebanese law." <u>Kaplan v. Hezbollah</u>, 715 F.Supp.2d 165, 166 (D.D.C. 2010).

successful.   See Kaplan, 19cv3187, Proof of Service (Dec. 27, 2010), DE #25 (with

attachments).

Plaintiffs here seek permission to replicate both the method and the places of service so-

ordered in Kaplan (albeit ignoring the publication requirement).   See Pl. Mot at 3.   However,

plaintiffs offer insufficient evidence to warrant granting their request.   Plaintiffs proffer no

evidence that the methods of service initially attempted by the plaintiffs in Kaplan nearly a

decade ago remain unviable,[4] nor do they make any showing to suggest that service in the

manner approved by Judge Roberts is still feasible.

In connection with plaintiffs' motion, they submit an affidavit in support of a search

warrant, executed by federal investigator Charles Villani and submitted to the United States

District Court for the Southern District of New York in the matter of United States v. Iqbal, 06-

cr-01054-RBM (S.D.N.Y.).   See Affidavit in Support of Search Warrant (May 10, 2019)

("Villani Aff.") ¶¶ 5, 13, DE #6-1 (Ex. A to Pl. Mot.).   That affidavit describes al Manar's role

as Hezbollah's television station, and avers that Hezbollah owns and/or operates the Lebanese

Media Group, which operates as the parent company of al Manar and al Nour radio.   See id.

Plaintiffs also provide this Court with the superseding indictment filed in Iqbal, and which

charged the defendants in that case with illegally providing assistance to Hezbollah by furnishing

satellite television services to al Manar.   See Indictment, 06-cv-1054 (May 10, 2019) (S.D.N.Y.)

¶¶ 2, 9, 12, 15, 24, 26, 29, 32.   But these documents are more than a dozen years old: the Villani

---

[4] For example, a review of the record in Kaplan shows that those plaintiffs had provided the court with a
declaration from Marwan Abdel-Rahman, a professional Arabic-English translator and interpreter hired
by the plaintiffs, describing the ultimately unsuccessful efforts by which he had attempted to publish
notice in the three largest Lebanese publications.   See Kaplan, 19cv3187, Declaration of Marwan Abdel-
Rahman (Oct. 8, 2010) ¶¶ 3-7, DE #23-1.

affidavit was executed on August 22, 2006, <u>see</u> Villani Aff., while the <u>Iqbal</u> indictment was filed on June 20, 2007, <u>see</u> <u>Indictment</u>.   This Court is in no position to determine whether the information in these documents is still accurate, and while the <u>Kaplan</u> court relied upon the affidavit and indictment only a few years after they were executed, this Court must give them little weight without some showing that their contents still hold true today.

Therefore, because of the staleness of the information relied upon in support of plaintiffs' letter-motion, this Court is not willing to infer an "extremely close relationship between Hezbollah, and al Manar, al Nour, and the Lebanese Media Group," nor does this Court assume that legal process addressed to Hezbollah and delivered to the three entities listed above will reach the appropriate officials in Hezbollah.   <u>See</u> Pl. Mot. at 3.   Accordingly, this Court, in its discretion, denies plaintiffs' request to grant alternative service under Rule 4(f)(3).

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiffs' motion requesting leave to effect substitute service on defendant pursuant to Rule 4(f)(3) is denied without prejudice.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**February 12, 2020**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**