UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MALKA KUMER, et al.,

                                    Plaintiffs,                    MEMORANDUM
                                                                  AND ORDER

               -against-
                                                                  18-CV-7449 (CBA)
HEZBOLLAH,

                                    Defendant.
---------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

        Currently pending before this Court, on a referral from the Honorable Carol Bagley

Amon, is a letter-request filed by plaintiffs for an order, pursuant to Rule 4(h)(1) of the

Federal Rules of Civil procedure, "providing that Plaintiffs and the New York City Sheriff

may serve the summons and complaint in this action on [Alexei] Saab in his capacity as an

alleged or purported agent of [defendant] Hezbollah." Letter to Judge Amon (Sept. 10, 2020)

("9/10/20 Ltr.") at 2, Electronic Case Filing Docket Entry ("DE") #15. For the reasons that

follow, plaintiffs' request is denied.

<u>BACKGROUND</u>

        On December 31, 2018, plaintiffs – American citizens purportedly harmed by or as a

result of rockets and missiles fired by Hezbollah at civilians in Israel in 2006 – filed a

complaint against Hezbollah pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333.

See Complaint (Dec. 31, 2018) ¶ 1, DE #1.

        Plaintiffs' first request for leave to effect alternate service on Hezbollah was denied,

without prejudice, by this Court, by Memorandum and Order dated February 12, 2020. See

Order (Feb. 12, 2020) ("2/12/20 Order"), DE #7.   There, plaintiffs sought to serve Hezbollah

by serving "al Manar television, al Nour radio, and the Lebanese Media Group" via

international courier delivery.   "[B]ecause of the staleness of the information" relied upon by

plaintiffs, the Court concluded that plaintiffs' showing was insufficient to establish that

serving process on the entities requested would "reach the appropriate officials in Hezbollah."

Id. at 6.

According to plaintiffs' latest application, Alexei Saab is currently being held at the

Metropolitan Correctional Center ("MCC"), under indictment as "a high-ranking, long-time

member of Hezbollah who was tasked by Hezbollah with carrying out terrorism operations in

the United States, and is likely the highest agent of Hezbollah who may ever be found in the

United States."   9/10/20 Ltr. at 1; see generally Saab Indictment, DE #16-2 (alleging that

Saab provided material support to Hezbollah from 1996 through March 2019); Saab Criminal

Complaint ("Crim. Compl."), DE #16-1.   Plaintiffs explain that "the [New York City] Sheriff

would like to have direction from the Court that he is permitted to serve Mr. Saab as an

alleged or purported agent of Hezbollah."   9/10/20 Ltr. at 2.   Plaintiffs further propose that

whether service upon Saab would be effective service on defendant Hezbollah is an issue to

"be determined at a later date after Mr. Saab has been served."   Id.

## DISCUSSION

Rule 4(h)(1) of the Federal Rules of Civil Procedure provides alternative methods for

serving a corporation, a partnership or other unincorporated association, within the United

States.   See Fed. R. Civ. 4(h)(1).   Under Rule 4(h)(1)(B), an entity may be served "by

delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). Pursuant to Rule 4(h)(1)(A), by way of Rule 4(e)(1), an association may also be served in accordance with state law for service on an individual, which allows for service according to state law in which the federal district court is located or where service is made. See Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1). Section 311(a)(1) of the New York Civil Procedure Law and Rules ("C.P.L.R.") authorizes service upon a corporation through "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1).[1]

Plaintiffs mistakenly conflate the question whether Saab qualifies as a "managing or general agent," as defined under Rule 4(h)(1)(B) and C.P.L.R. § 311(a)(1), with whether he is an "agent" of Hezbollah. "The phrase 'managing or general agent' does not refer to any agent of the corporation, but one who operates at its highest levels, or at least has overall authority to make high-level decisions on the part of the enterprise." Feng Lin v. Quality Woods, Inc., 17-CV-3043-DLI-SJB, 2019 WL 1450746, at *5 (E.D.N.Y. Jan. 28, 2019) (quoting Cooney v. Barry Sch. of Law, 994 F.Supp.2d 268, 270 (E.D.N.Y. 2014)) (internal quotation marks omitted). "'Managing or general agent' is a term of art with a narrower meaning than just 'agent.'" Cooney, 994 F.Supp.2d at 270; see Vistra Tr. Co. v. Stoffel, No.

---

[1] The language in the C.P.L.R. is based on the language in Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure. See N.Y. C.P.L.R. § 311 (McKinney's 2013) (historical and statutory notes).

08 Civ. 2844(NRB), 2008 WL 5454126, at *7 (S.D.N.Y. Dec. 29, 2008) ("'[M]anaging agent' is a 'person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent . . . , who acts in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it.'") (quoting Taylor v. Granite State Provident Ass'n, 136 N.Y. 343, 346 (1893)).   It is well established that "[a] general or managing agent must be invested with powers of discretion and must exercise judgment in his duties, rather than being under direct superior control as to the extent of his duty and the manner in which he executes it." Grammenos v. Lemos, 457 F.2d 1067, 1073 (2d Cir. 1972); see N.Y. C.P.L.R. § 311 (Official Commentary C311:1) ("A   managing agent or general agent is one who is empowered with supervisory authority and possesses judgment and discretion to take action on behalf of the corporation.").

Ultimately, "[p]laintiff bears the burden to show a 'basis for inferring that the defendant has authorized a particular person to accept service of process on [its] behalf.'" Wilson v. WalMart Store, Inc., No. CV 15-4283 (JS)(GRB), 2016 WL 11481723, at *3 (E.D.N.Y. Aug. 22, 2016) (quoting DeMott v. Bacilious, No. 11 Civ. 6966 PAE, 2012 WL 601074, at *7 (S.D.N.Y. Feb. 24, 2012)), adopted, 2016 WL 5338543 (E.D.N.Y. Sept. 23, 2016).   "[W]hether an individual is a 'managing or general agent' depends on a factual analysis of that person's authority within the organization." Furukawa Elec. Co. of N. Am. v. Yangtze Optical Fibre & Cable Co., No. CIV.A 05-11219-RGS, 2005 WL 3071244, at *2 (D. Mass. Nov. 16, 2005) (quoting Gottlieb v. Sandia Am. Corp., 452 F.2d 510, 513 (3d Cir.

1971)) (internal quotation marks omitted).

In connection with the instant motion, plaintiffs submit a Criminal Complaint filed against Saab, sworn to by F.B.I. Special Agent Anthony Cipriano and submitted to the United States District Court for the Southern District of New York in the matter of <u>United States v. Saab</u>, 19-cr-676 (S.D.N.Y.).  <u>See</u> Crim. Compl.  Although the Criminal Complaint's charging language asserts conduct continuing up to March 2019, the specific factual allegations in support of the charges reflect a far more limited temporal scope: Specifically, the document describes Saab's role on behalf of Hezbollah, and avers that: (1) "[b]etween in or about 1996 and in or about 2005, SAAB participated in extensive Hizballah training"; (2) "[i]n or about 2003, SAAB provided Hizballah with intelligence and photographs concerning several locations SAAB had surveilled in the New York City area"; (3) "[i]n or about 2005, SAAB traveled to Istanbul, Turkey and provided intelligence concerning his trip to Hizballah"; and (4) "[i]n or about 2005, at Hizballah's direction, SAAB attempted to murder a person he came to believe was an Israeli spy."  <u>Id.</u> ¶ 4.  Thus, the only specific allegations that connect Mr. Saab to Hezbollah concern conduct occurring in or before 2005.  <u>See id.</u> ¶¶ 4, 17, 21-22, 24, 28, 32; Saab Indictment ¶¶ 1-12.  Like plaintiffs' prior application for leave to effect alternate service, plaintiffs rely here on stale information.  <u>See</u> 2/12/20 Order at 5-6.  Plaintiffs have not demonstrated that Mr. Saab has any *current* role within Hezbollah, let alone the kind of authority within the organization so as to make him the equivalent of a "managing or general agent."

Moreover, even the historical allegations contained in the Criminal Complaint and

Indictment portray Mr. Saab as a low-level operative, without any indicia of having been granted the "overall authority to make high-level decisions on the part of the enterprise" from which the Court could infer that Hezbollah authorized him to accept service on its behalf. Cooney, 994 F.Supp.2d at 270; see Wilson, 2016 WL 11481723, at *3 (holding that plaintiff failed to show that assistant store manager "has the necessary judgment and discretion to act on behalf of Walmart," as required for service of process).   Despite their conclusory assertion that Saab is a "high-ranking" member of Hezbollah, 9/10/20 Ltr. at 1, plaintiffs have not provided the Court with any specific information that would suggest that Mr. Saab holds "the kind of senior corporate authority that the term 'managing or general agent,' as defined in Rule 4 and its incorporation of state law, contemplates."   Cooney, 994 F.Supp.2d at 271 (finding that employee with "relatively small role to play within the corporation" does not possess "the kind of senior corporate authority" required under the statutes); see Jayanty v. St. George's Univ., Ltd., 17-CV-1673 (DLI)(LB), 2018 WL 1582070, at *2 (E.D.N.Y. Mar. 30, 2018) (ruling that plaintiff had alleged insufficient facts to demonstrate that defendant's supervisory employee "made corporate decisions" so as to qualify as managing or general agent).

Based on the record submitted, to grant plaintiff's request to authorize the New York City Sheriff to serve Saab under Rule 4(h)(1) would be a futile act.

6

## <u>CONCLUSION</u>

For the foregoing reasons, the application for leave to serve Alexei Saab under Rule

4(h)(1) is denied without prejudice.

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
          **October 20, 2020**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**