# THE BERKMAN LAW OFFICE, LLC

111 Livingston Street, Suite 1928
Brooklyn, New York 11201

Tel: (718) 855-3627　　　　　　　　　　　　　　　　　　　　　　　　　　　　Fax: (718) 855-4696

October 2, 2021

**BY ECF**
Hon. Taryn A. Merkl
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　　Re:　*Kumer, et al. v. Hezbollah*
　　　　　　　18-cv-07449 (CBA) (tam)

Dear Judge Merkl:

　　　　Plaintiffs file this status report pursuant to the Court's order of September 7, 2021.

　　　　This is a civil action pursuant to the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, against the Lebanon-based terrorist organization Hezbollah. The plaintiffs are American citizens who were harmed in rocket attacks carried out by Hezbollah against civilians in Israel in 2006. As explained in our letter of May 10, 2019 (DE 6), most of the plaintiffs herein previously filed an ATA suit against Hezbollah in the District of Columbia. *Kaplan v. Hezbollah*, 09-cv-646 (D.D.C.). That case was dismissed under the ATA's "act of war" exception, 18 U.S.C. § 2336(a), but that dismissal was vacated on appeal. *Kaplan v. Central Bank*, 896 F.3d 501 (D.C. Cir. 2018).[1] After remand plaintiffs moved to transfer the *Kaplan* action to this court. While that motion to transfer was pending, the statute of limitations for the plaintiffs' ATA claims expired.[2] In order to avoid a scenario in which the D.C. court ultimately decided not to transfer the case but to dismiss it without

---

[1] Shortly after remand from the D.C. Circuit, the ATA was amended to eliminate the "act of war" exception in cases where, as here, the terrorist group involved is a designated Foreign Terrorist Organization ("FTO"). *See* 18 U.S.C. § 2331(6). Thus, since Hezbollah was designated an FTO in 1997, the "act of war" exception is no longer relevant to ATA actions arising from Hezbollah attacks since 1997, such as this case.

[2] *See* National Defense Authorization Act for Fiscal Year 2013, Pub. L. No. 112-239, § 1251(c) (Jan. 2, 2013) (set out as a note to 18 U.S.C. § 2333 (Special Rule Relating to Certain Acts of International Terrorism)) (extending until January 2, 2019, the statute of limitations on ATA claims arising from terrorist attacks that occurred after September 11, 2001).

The Berkman Law Office, LLC

October 2, 2021
Page 2 of 2

prejudice for improper venue or lack of personal jurisdiction in the District of Columbia, while the limitations date passed, the plaintiffs in *Kaplan* – along with several additional plaintiffs who did not previously bring suit against Hezbollah – filed this action.[3]

The *Kaplan* action was eventually transferred to this court; however, it was then dismissed for failure to prosecute. On April 22, 2021, the Second Circuit reversed that dismissal. *Kaplan v. Hezbollah*, 844 F. App'x 459 (2d Cir. 2021). After remand the *Kaplan* plaintiffs (who include, as noted, most of the plaintiffs herein), moved for entry of default judgment against Hezbollah, and on May 24, 2021, Judge Cogan referred that motion to Magistrate Judge Tiscione for a report and recommendation. *See Kaplan v. Hezbollah*, 19-cv-03187 (BMC) (st), Order 6/4/21.

The disposition of the motion for default judgment in *Kaplan* will have a significant impact on this case. Specifically, a central question at issue in the plaintiffs' motion for default judgment in *Kaplan* is whether personal jurisdiction can be exercised over Hezbollah. *Id.* at DE 112. If personal jurisdiction is lacking in *Kaplan* then it is lacking in this case, too. If, on the other hand, the *Kaplan* court finds personal jurisdiction over Hezbollah and enters default judgment for the *Kaplan* plaintiffs, that will render the instant action superfluous for most (but not all) of the plaintiffs here.

As the docket reflects, the plaintiffs have made multiple attempts to serve Hezbollah in this action, but so far without success. Plaintiffs could devise and propose to the Court a means for alternative service on Hezbollah (e.g., by publication or the like), but that would involve significant resources, including the retention of an expert and a translator, and probably publication costs. And, of course, the resolution of such a motion would require an investment of judicial resources. Given the impact of the decision in *Kaplan* on the future of this case, which will likely moot this case in whole or in respect to most of the plaintiffs, the plaintiffs respectfully believe that it would be most efficacious to stay this case pending the outcome of the pending motion in *Kaplan*.

We thank you for your consideration.

Respectfully,

Robert J. Tolchin

---

[3] Where a plaintiff faces procedural uncertainty in one suit and the looming expiration of a statute of limitations which would bar a new suit the proper course is to file a "protective suit." *Cote v. Wadel,* 796 F.2d 981, 985 (7th Cir. 1986) ("Elementary prudence" requires a party "to file a protective suit" prior to the expiration of the statute of limitations, when personal jurisdiction is challenged in the first action).