UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MALKA KUMER; CHANA LIBA KUMER; and
MIRIAM ALMACKIES,

                                                                                      Case No. 18-cv-7449-CBA-TAM

                              Plaintiffs,

                                -against-

HEZBOLLAH
(a/k/a Hizbullah, Hezballah, Hizballah),

                                Defendant.
-------------------------------------------------------------------X

# SUPPLEMENTAL BRIEFING IN SUPPORT OF PLAINTIFFS' MOTION
# FOR ENTRY OF PARTIAL JUDGMENT BY DEFAULT ON LIABILITY

## Introduction

    Plaintiffs respectfully submit this Supplemental Briefing pursuant to the electronic order entered by the Court on July 25, 2024 (the "Order").[1]

    For the reasons below and in plaintiffs' Motion for Entry of Partial Judgment by Default on Liability (Dkt. 33), the Court should (1) enter partial judgment finding that defendant Hezbollah is liable for plaintiffs' injuries pursuant to the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, and (2) direct plaintiffs to submit evidence of their damages, so that a final judgment can be entered.

---

[1] The Court's order of July 26, 2024, enlarged plaintiffs' time to file the supplemental briefing until August 9, 2024. Counsel is grateful for that enlargement; however, because the orders of July 25 and 26 seem to strongly indicate that the Court is desirous of receiving the briefing as soon as possible, counsel rearranged his schedule in order to enable this filing well prior to the deadline.

**DISCUSSION**

I.   **The ATA's Legal Framework**

Before responding to the specific questions raised by the Court in the Order, plaintiffs will first address the general legal framework of the ATA.

*a. Section 2333 of the ATA Constitutes an Independent Federal Cause of Action*

Some statutes authorizing civil actions in federal courts constitute mere grants of jurisdiction, but do not provide any independent federal cause of action. For example, the Alien Tort Statute, 28 U.S.C. 1350, "is a jurisdictional statute, creating no new cause of action in its own right but empowering courts to hear cases brought by foreign nationals based on violations of international law." *Nahl v. Jaoude*, 968 F.3d 173, 179 (2d Cir. 2020).

Likewise, courts have held that § 409 of the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, contains a "grant of jurisdiction" to federal courts, but "does not create a cause of action." *Weinstein v. U.S.P.S.*, 2009 WL 1537874, at *2 (N.D. Cal. June 2, 2009).

The ATA is entirely different. Courts have unanimously held that the ATA creates both federal subject-matter jurisdiction[2] and a free-standing, independent cause of action for claims arising from terrorist attacks. "[T]he statute itself contains all of the elements of a traditional tort: breach of a duty (i.e., committing an act of international terrorism); injury to the person, property or business of another; and causation (injured 'by reason of')." *Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief And Dev.*, 291 F.3d 1000, 1010 (7th Cir. 2002) (emphasis added). *Cf. Lelchook v. Islamic Republic of Iran*, 2022 WL 7534195, at *1 (E.D.N.Y. Oct. 13, 2022) ("The ATA creates a civil cause of action for any national of the United States injured in his or her

---

[2] ATA § 2338 provides that: "The district courts of the United States shall have exclusive jurisdiction over an action brought under this chapter." 18 U.S.C. § 2338.

person, property, or business by reason of an act of international terrorism, or his or her estate, survivors, or heirs." (emphasis added) (cleaned up). *Cf. Zapata v. HSBC Holdings PLC*, 825 F. App'x 55, 56 (2d Cir. 2020) ("[T]he Anti-Terrorism Act ('ATA') provides a cause of action for any national of the United States, or his or her estate, survivors, or heirs, injured by reason of an act of international terrorism.") (emphasis added) (cleaned up); *Lelchook v. Islamic Republic of Iran*, 2022 WL 499901, at *2 (E.D.N.Y. Feb. 18, 2022) (same); *Keren Kayemeth LeIsrael - Jewish Nat'l Fund v. Educ. for a Just Peace in the Middle E.*, 66 F.4th 1007, 1013 (D.C. Cir. 2023) (the ATA is "a statute that grants United States nationals a private cause of action to recover damages for injuries sustained in terrorist attacks.") (emphasis added).

Thus, ATA § 2333 establishes a self-contained, freestanding federal cause of action, with its own specific elements of liability and damages.

### b. Liability Under ATA § 2333

Section 2333 of the ATA permits civil claims for both primary liability and secondary liability (aiding and abetting and conspiracy). 18 U.S.C. §§ 2333(a), 2333(d). Plaintiffs' Amended Complaint asserts a claim for primary liability under ATA § 2333(a). (Dkt. 21 at ¶¶ 29-37).[3]

It is well established that, "[t]o plead primary liability under § 2333(a), Plaintiffs must plausibly allege (1) an injury to a U.S. national, (2) an act of international terrorism, and (3) causation." *Bartlett v. Societe Generale de Banque Au Liban SAL*, 2020 WL 7089448, at *7 (E.D.N.Y. Nov. 25, 2020) (cleaned up).

Importantly, because the cause of action created by ATA is self-contained, freestanding and independent, the elements of liability under the ATA are exhaustive, and ATA plaintiffs are not required to plead or prove the elements of any common law or state law cause of action.

---

[3] Accordingly, plaintiffs need not and do not address herein the elements of secondary liability.

### c. *Injuries and Damages Under the ATA*

In respect to injuries and damages, the ATA provides in relevant part that an American national "<u>injured</u> in his or her person" by an act of international terrorism "shall recover threefold <u>the damages</u> he or she sustains." 18 U.S.C. § 2333(a) (emphasis added).

As this Court noted in its Order, courts considering the types of injuries covered and damages available under the ATA have consistently been guided by Congress' intent to "to codify general common law tort principles and to extend civil liability for acts of international terrorism to <u>the full reaches</u> of traditional tort law." (*Id*. quoting *Boim*, 291 F.3d at 1010 (emphasis added)). Similarly, in *Knox v. Palestine Liberation Org.*, 442 F. Supp. 2d 62 (S.D.N.Y. 2006), the court held that "the full range of damages should be available to persons entitled to bring actions under the ATA" because "Senator Grassley, the bill's co-sponsor, indicated that it empowers victims with <u>all the weapons available in civil litigation</u>." *Id*. at 77 (cleaned up) (emphasis added).

Pursuant to these explicit expressions of legislative intent, courts have universally held that an injury to the "person" under § 2333(a) includes <u>emotional</u> harm. "In the absence of any limiting language in the statute, the court will not limit the scope of Section 2333(a) to physical injuries to U.S. nationals. The congressional purpose was to grant a remedy to U.S. nationals and their families who suffered from injury to an individual or property as a result of international terrorism. The claims of the U.S. nationals suing based on their nonphysical injuries resulting from acts of international terrorism will not be dismissed." *Linde v. Arab Bank, PLC*, 384 F. Supp. 2d 571, 589 (E.D.N.Y. 2005). *Cf. Biton v. Palestinian Interim Self-Gov't Auth.*, 310 F. Supp. 2d 172, 182 (D.D.C. 2004) ("The statute does not specifically require that a plaintiff suffer *physical* harm prior to filing suit. Moreover, the term "personal injury" means any invasion of a personal right, <u>including mental suffering</u> and false imprisonment." (cleaned up) (emphasis by underline added).

Given that courts have consistently held that the ATA provides damages to plaintiffs who did not personally experience a terrorist attack but suffered emotional harm <u>resulting</u> from the death of a relative in the attack, it is unsurprising that courts also permit ATA actions by U.S. citizens who <u>directly</u> suffered emotional harm due to a terrorist attack. Indeed, since emotional damages are available in the former scenario, they are available *a fortiori* in the latter scenario.

Thus, in *Kaplan v. Hezbollah*, 2022 WL 17772031 (E.D.N.Y. Sept. 16, 2022) *report and recommendation adopted by Kaplan v. Hezbollah*, No. 19-3187(BM) (E.D.N.Y) (electronic order entered October 3, 2022) a court in this district awarded ATA damages for purely emotional harm caused to U.S. citizens who experienced <u>the same Hezbollah rocket attacks</u> from which this action arises.

In setting the quantum of damages to be awarded to the *Kaplan* plaintiffs, the court adopted damages awards made by the U.S. District Court for the District of Columbia in a suit brought by the *Kaplan* plaintiffs against North Korea. (*Id*. at *4-5). The D.C. court's decision contains more details of the *Kaplan* plaintiffs' injuries, and makes clear that many of them suffered <u>emotional harm without any physical harm</u>. *See Kaplan v. Hezbollah*, 213 F. Supp. 3d 27, 36 (D.D.C. 2016).

Notably, because the ATA creates an independent federal statutory cause of action that permits recovery for emotional harm, courts have <u>not</u> required ATA plaintiffs seeking damages for emotional harm to plead or prove the elements of a state law or common law claim for Intentional Infliction of Emotional Distress ("IIED").

Indeed, plaintiffs' research has not identified any case holding that an award of emotional damages under the ATA is available only when plaintiffs satisfy the elements of an IIED claim.[4]

---

[4] There are a few ATA decisions discussing whether, <u>in addition</u> to the federal ATA claim, the plaintiffs are <u>also</u> able to recover under some <u>separate</u> state or common law theory of liability. But no court
*(continued next page)*

To the contrary, courts in this Circuit have expressly held that precisely because the ATA allows recovery for emotional harm, ATA plaintiffs are not permitted to assert a supplemental claim for IIED. "Plaintiffs' claims for intentional infliction of emotional distress…must also be dismissed. Claims for intentional infliction of emotional distress are not available because such claims are a last resort, and federal … law [*i.e.*, the ATA] provide[s] alternative causes of action." *In re Terrorist Attacks on Sept. 11, 2001*, 2023 WL 5132138, at *13 (S.D.N.Y. Aug. 10, 2023).

Thus, in ATA actions, emotional harm is treated as a cognizable and compensable <u>type of injury</u>, and not as a <u>cause of action</u>. *Cf. Cook v. West*, 2021 WL 2403082, at *3 (E.D. Cal. June 11, 2021) ("'Emotional injury' is not a claim or a cause of action. Damages for emotional distress are a type of remedy for violation of a plaintiff's rights.").

## II. **The Questions Posed by the Court**

The Court's Order directed plaintiffs to address the following questions:

1) Under which tort theories they assert that Defendant is liable, and which specific factual allegations in the complaint support their claims; and

2) Whether their allegations are alleged with sufficient specificity. "For example, if Plaintiffs are asserting that Defendants are liable under the ATA due to intentional infliction of emotional distress, Plaintiffs shall describe how the injuries as alleged in the amended complaint are sufficiently pled to establish all of the elements of such a claim with specificity."

Plaintiffs' responses to the Court's questions are respectfully set forth below.

---

has ever held (to the best of plaintiffs' knowledge), that a plaintiff's right to recover under the ATA is contingent upon the fulfillment of the elements of a state or common law cause of action.

a. *Liability*

As discussed above, plaintiffs' Amended Complaint asserts a stand-alone federal cause of action pursuant to ATA § 2333(a) for primary liability. (Dkt. 21 at ¶¶ 29-37). The Amended Complaint does not assert any state law or common law claims–for IIED or otherwise. As discussed above, the ATA is a self-contained cause of action, and there was no need for plaintiffs to invoke common law or state law. Moreover, as also noted above, plaintiffs could not have pursued an IIED claim even had they wanted to. *In re Terrorist Attacks*, 2023 WL 5132138, at *13 ("Plaintiffs' claims for intentional infliction of emotional distress…must also be dismissed. Claims for intentional infliction of emotional distress are not available because such claims are a last resort, and federal…law [*i.e.*, the ATA] provide[s] alternative causes of action.").

In order to adequately plead primary liability under § 2333(a) plaintiffs were required to allege "(1) an injury to a U.S. national, (2) an act of international terrorism, and (3) causation." *Bartlett*, 2020 WL 7089448, at *7 (cleaned up). As discussed below, plaintiffs have unquestionably pled all these elements with more than sufficient specificity:

  i. Injury to a U.S. National

Plaintiffs have explicitly and sufficiently pled that they are American citizens. (Dkt. 21 at ¶¶ 1, 6-7). Moreover, copies of plaintiffs' U.S. passports were submitted along with their motion for default judgment on liability. (Dkt. 33, Declaration of Robert J. Tolchin, Exhibit 1).

Thus, this element is clearly met.

  ii. Causation

A claim for primary liability under ATA § 2333(a) does not require a showing of but-for causation. *Miller v. Arab Bank, PLC*, 372 F. Supp. 3d 33, 46 (E.D.N.Y. 2019). Rather, the plaintiff need only show proximate causation. "[T]he ATA permits certain classes of individuals who have

been harmed 'by reason of' an act of international terrorism to bring a civil action for damages. As is true of other statutes creating a private right of action for individuals injured 'by reason of' a violation thereof, this language requires a plaintiff to allege and prove that the violation proximately caused her injuries." *Zapata v. HSBC Holdings PLC*, 414 F. Supp. 3d 342, 355-56 (E.D.N.Y. 2019) (citing *Rothstein v. UBS AG*, 708 F.3d 82, 95 (2d Cir. 2013) (cleaned up).

Here, plaintiffs alleged in more than sufficient specific detail that they were harmed by rocket attacks carried out by defendant Hezbollah <u>itself</u>. (Dkt. 21 at ¶¶ 24-28). These allegations of <u>direct harm by the defendant itself</u> easily satisfy proximate causation. These facts also constitute but-for causation which, as mentioned, is not required. *Cf. Linde v. Arab Bank, PLC,* 882 F.3d 314, 331 (2d Cir. 2018) ("the Hamas terrorists who <u>committed the three attacks at issue caused plaintiffs' injuries</u>, whether as a matter of proximate or but-for causation.") (emphasis added).

It should also be noted that the case law analyzing ATA causation has been generated in cases where a plaintiff was seeking to impose liability on third-parties (*e.g.* banks) alleged to have assisted the terrorist organization that actually executed the attack. So far as plaintiffs are aware, no ATA action against the entity that <u>itself</u> carried out the attack has ever been dismissed for lack of causation, and it appears that causation has never even been challenged in such a case.

The causation element is therefore satisfied.

iii. <u>Act of International Terrorism</u>

The term "international terrorism" is defined in 18 U.S.C. § 2331(1) and includes several elements. Plaintiffs' have adequately alleged each of those elements with sufficient specificity.

<u>First</u>, § 2331(a)(A) provides that international terrorism must "involve violent acts or acts dangerous to human life." Plaintiffs alleged they were injured by reason of extensive rocket attacks fired at Israel, in which at least 43 civilians were murdered. (Dkt. 21 at ¶¶ 24-28, 32). Those rocket

-8-

attacks were unquestionably both "violent acts" and "acts dangerous to human life." *Cf. Kaplan*, 2022 WL 17772031, at *3 ("Firing rockets into civilian areas is certainly a violent act and it is also an act dangerous to human life…at least 43 Israeli civilians were killed in the Hezbollah rocket attacks in the summer of 2006. The Congressional Research Service in its report on Hezbollah found that in 2006, 'Over the course of a 34-day period, Hezbollah launched more than 4,000 rockets into northern Israel killing 55 Israelis.'") (cleaned up).

Second, § 2331(a)(A) provides that to be deemed "international terrorism" the conduct must be "a violation of the criminal laws of the United States or of any State," or "would be a criminal violation if committed within the jurisdiction of the United States or of any State."

Hezbollah's conduct here–firing barrages of deadly rockets at civilians–unquestionably constituted a violation of scores of federal and state criminal laws (including, among many others, attempted murder and assault and battery), or would constitute such violations if committed within the United States. *Cf. Kaplan*, 2022 WL 17772031, at *3 ("the rocket attacks would be violations of numerous state and federal laws if they occurred here, including but not limited to attempted murder and 18 U.S.C. § 2332f.").

Third, § 2331(a)(B) requires that the defendant's terrorist activities "appear to be intended…(i) to intimidate or coerce a civilian population; (ii) to influence the policy of a government by intimidation or coercion; or (iii) to affect the conduct of a government by mass destruction, assassination, or kidnapping." Plaintiffs made particularized allegations supporting these elements. The Amended Complaint alleges in detail that Hezbollah executed the rocket attacks in order to coerce, intimidate and influence the American and Israeli government and public, and thereby weaken and undermine the United States and bring about the ultimate destruction of the State of Israel and the murder or expulsion of the Jews in Israel. (Dkt. 21 at ¶¶ 9-22).

The detailed allegations set forth in ¶¶ 9-22 of the Amended Complaint are more than sufficient to meet plaintiffs' burden of pleading the elements of § 2331(a)(B). *Cf. Kaplan*, 2022 WL 17772031, at *3 ("Plaintiffs have also sufficiently alleged these attacks were carried out by Hezbollah with the intent to intimidate or coerce the Israeli civilian population and affect the conduct of the government of Israel by mass destruction.").

Fourth and finally, § 2331(a)(C) requires that the defendants' activities "occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear intended to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum."

There is no question that plaintiffs adequately pled these elements. As alleged throughout the Amended Complaint, Hezbollah's activities both "occur[ed] primarily outside the territorial jurisdiction of the United States" and also "transcend[ed] national boundaries in terms of the means by which they [were] accomplished, the persons they appear[ed] intended to intimidate or coerce, [and] the locale in which their perpetrators operate," since Hezbollah operates in Lebanon, the rockets were fired over the border from Lebanon into Israel, and were intended to intimidate and coerce (inter alia) persons in Israel. (Dkt. 21, *passim*).

In sum, plaintiffs have adequately alleged each and every element of liability under the ATA in detail and with more than sufficient specificity.

    b. ***Injuries and Damages***

The Amended Complaint extensively details the experiences each plaintiff underwent, and the emotional harms she suffered, as a result of the Hezbollah rocket attacks. (Dkt. 21 at ¶¶ 26-28).

Plaintiffs will of course provide further details and proof of their injuries when they submit their damages evidence, but the particularized allegations set forth at ¶¶ 26-28 of the Amended Complaint are far more than adequate and sufficiently specific at this stage.

As discussed above, it is long and well established that the ATA is a free-standing federal tort that operates independent of any state or common law causes of action, and allows recovery for emotional harm. Indeed, as noted, in *Kaplan*, 2022 WL 17772031 (E.D.N.Y. Sept. 16, 2022), this court awarded damages under the ATA for emotional harm to identically-situated plaintiffs.

Accordingly, the instant plaintiffs are properly seeking damages <u>pursuant to the ATA itself</u>, and not under IIED or any other nonfederal cause of action.[5]

Thus, plaintiffs have pled injuries and damages with more than sufficient specificity.

### III. Conclusion

The Court should enter partial judgment finding Hezbollah liable for plaintiffs' injuries under the ATA, and direct plaintiffs to submit evidence of their damages.

---

[5] Plaintiffs note, as a purely academic matter, that were they required to assert a nonfederal cause of action (which they are not) the most appropriate tort would not be IIED but assault. A civil claim for assault exists when (1) the defendant intended "to cause a harmful or offensive contact" and (2) the plaintiff was put in "imminent apprehension" of that contact. Restatement (Second) of Torts § 21. Since those elements are obviously present here, an IIED claim would be barred. *Moore v. City of New York*, 2024 WL 3361193, at *9 (S.D.N.Y. July 10, 2024) (IIED unavailable if conduct is actionable as assault). *Cf. In re Terrorist Attacks*, 2023 WL 5132138, at *13 (IIED unavailable when conduct actionable under the ATA).

Dated: Brooklyn, New York
August 5, 2024

                                        Respectfully submitted,

                                        THE BERKMAN LAW OFFICE, LLC
                                        *Attorneys for Plaintiffs*

                                        by: _____
                                              Robert J. Tolchin

                                        829 East 15th Street, Box 7
                                        Brooklyn, New York 11230
                                        718-855-3627