UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MALKA KUMER; CHANA LIBA KUMER; and
MIRIAM ALMACKIES,

              Plaintiffs,

-against-

HEZBOLLAH,

              Defendant.
---------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
18-cv-7449 (CBA) (TAM)

**AMON, United States District Judge:**

On December 31, 2018, Plaintiffs filed suit against Hezbollah. Plaintiffs brought this action pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, seeking to recover compensatory damages for harms they suffered due to rocket and missile attacks on civilians in Israel committed by Hezbollah in 2006 and costs incurred, including attorney's fees. (See ECF Docket Entry ("D.E.") # 21).)

Since the commencement of this litigation, Defendant has failed to make an appearance or otherwise respond to the complaint. Defendant has been properly served all required papers. (D.E. ## 26, 38; see D.E. #37 ("R&R") at 2-4.) On October 20, 2023, Plaintiffs submitted a request for an entry of default, which the Clerk of the Court granted on October 27, 2023. (D.E. ## 28, 30.) On December 12, 2023, the Honorable Taryn A. Merkl, United States Magistrate Judge, granted Plaintiffs' request to initiate a two-step motion for default judgment: first, a motion for partial default judgment on liability; second, a motion for final default judgment, establishing damages. (Text order dated Dec. 12, 2023.)

On February 28, 2024, Plaintiffs moved for partial default judgment as to liability against Defendant, (D.E. # 32), and I referred that motion to Magistrate Judge Merkl for report and recommendation. (Text order dated Mar. 1, 2024.) On August 7, 2024, Magistrate Judge Merkl

1

issued a report and recommendation. (R&R.) In her R&R, Magistrate Judge Merkl recommended that I grant Plaintiffs' motion for partial default judgment on liability for the ATA claim.

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). No party has objected to the R&R, and the time for doing so has passed. After reviewing the record and finding no clear error, I adopt the R&R in full. Therefore, I grant Plaintiffs' motion for partial default judgment on liability for their ATA claim.

SO ORDERED.

Dated: September 6, 2024
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge